## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**SHANE BRIGHT**                                                                                                 **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 3:05CV-P563-S**

**TONY CRUSH** *et al.*                                                                      **DEFENDANTS**

### MEMORANDUM AND ORDER

      Plaintiff Shane Bright filed a complaint in Jefferson Circuit Court against Tony Crush and the Louisville Metropolitan Police Department, alleging Fourteenth Amendment due process and equal protection violations as well as various state-law violations purportedly occurring during the investigation and prosecution of a criminal complaint against him. Following service, Defendants removed the state court action to this Court, asserting that this Court has original jurisdiction over the federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 (DN 1).

      This matter is before the Court on Plaintiff's motion for remand to state court or, alternatively, for leave to submit an amended/supplemental complaint (DN 6). He requests a remand because he believes the removal is untimely under 28 U.S.C. § 1446. Should the removal be proper, he seeks to amend or supplement the complaint "to comport with federal standards of pleadings" as his complaint was not drafted with the intent of meeting federal guidelines. Defendants filed a response (DN 7), to which Plaintiff replied (DN 8). This matter is ripe for review.

**I.**

As a preliminary matter, although Plaintiff does not contest this Court's subject matter jurisdiction, the Court nonetheless finds that it has original jurisdiction over the federal claims under 28 U.S.C. § 1331[1] and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.[2]  Having determined that this Court has subject matter jurisdiction over the removed action, the Court must consider Plaintiff's timeliness argument.

Section 1446 of Title 28 of the United States Code describes the procedure for removal. Specific to the timeliness issue at hand, § 1446(b) provides,

> The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ., or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

A review of the attached state-court record reveals that summonses were executed on the Louisville Metro Police Department on September 6, 2005, and on Defendant Tony Crush on the following day.  Because Defendants filed their notice of removal within 30 days thereafter on October 3, 2005, the removal is timely.

---

[1] Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Because the plaintiff is alleging due process and equal protection violations of the Fourteenth Amendment to the United States Constitution, this Court clearly has original jurisdiction over the those claims.

[2] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  The case and controversy requirement is met "whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).  Review of the complaint reveals that Plaintiff's federal and state-law claims "derive from a common nucleus of operative fact."  The state-law claims are thus within the supplemental jurisdiction of this Court.

For these reasons, **IT IS ORDERED** that Plaintiff's motion to remand the action to state court is **DENIED**.

## II.

Alternatively, Plaintiff seeks leave to submit an amended or supplemental complaint "to comport with federal standards of pleadings" as his complaint was not drafted with the intent of meeting federal guidelines.  Because Plaintiff intended to file the instant action in state court instead of federal court, the Court will permit Plaintiff to file an amended/supplemental complaint.

**IT IS THUS ORDERED** that the motion for leave to submit an amended/supplemental complaint is **GRANTED**.  Plaintiff shall file an amended/supplemental complaint within **30 days** from entry of this Order.

## III.

Finally, prior to screening the complaint under 28 U.S.C. § 1915A, this Court needs additional information from Plaintiff.  Specifically, because Plaintiff has advised this Court that he is no longer incarcerated (DN 9), Plaintiff needs to inform the Court whether he is out on parole or whether he has completely served his sentence.  Further, Plaintiff must provide the dates of the various incidents alleged in the complaint.  For instance, Plaintiff claims that Defendant Crush stalked and threatened him at his home, work, church, and supermarket and that Defendant Crush harassed him by calling his home and stating that his home phones were being tapped pursuant to the Patriot Act.  Plaintiff, however, fails to provide the dates of these incidents.

Accordingly, **IT IS ORDERED** that Plaintiff must clarify the foregoing issues within **30 days** from entry of this Order. Plaintiff may clarify the issues in his amended/supplemental complaint.

Date:

cc: Plaintiff, *pro se*
　　Counsel of Record
4411.005